UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STAGGS CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV828 TIA |
| ) | |
| ILLINOIS EMCASCO INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff Staggs Corporation's Motion for Remand. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On April 2, 2008, Plaintiff filed a Petition in the Circuit Court of St. Louis City, Case Number 0822-CC01096. Plaintiff alleged breach of insurance contract and vexatious refusal by Defendant to process Plaintiff's claim. (Notice of Removal, Exh. A1) On April 23, 2008, original process was served upon Defendant by serving the original summons and a copy of the Petition on the Director of the Department of Insurance, Missouri Department of Insurance, in Jefferson City, Missouri. (Pl. Motion to Remand, Exh. 1; Notice of Removal, Exh. A1) Defendant received actual notice of service from the Director of the Department of Insurance on April 31, 2008. (Def. Response to Motion for Remand, Exh. 1)

On June 6, 2008, Defendant filed a Notice of Removal from the Circuit Court of St. Louis City to the United States District Court for the Eastern District of Missouri based upon diversity jurisdiction. (Doc. #1) On June 11, 2008, Defendant filed a Motion for Extension of Time to File Responsive Pleading. (Doc. #5) Plaintiff then filed the present Motion for Remand on June 13, 2008.

**Legal Standards**

A defendant may remove an action from state court to the district court of the United States where the action is within the district court's original jurisdiction, unless an Act of Congress otherwise expressly provides. 28 U.S.C. § 1441(a). Defendant, as the party seeking removal and opposing remand, has the burden of establishing federal subject matter jurisdiction. In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). A district court must resolve all doubts regarding federal jurisdiction in favor of remand. Id.

**Discussion**

In its Motion for Remand, Plaintiff argues that Defendant had thirty (30) days from the date of service of the Petition to file an answer or other responsive pleading. However, Defendant did not file an answer or other responsive pleading within this time frame. Defendant did file a Notice of Removal on June 6, 2008 and a Motion for Extension of Time on June 11, 2008. Defendant acknowledges that its response was due on or before June 2, 2008.[1] However, Defendant maintains that it was mistaken and believed that the return of service was dated May 6, 2008. Defendant further acknowledges that it filed its Notice of Removal out of time.

Pursuant to 28 U.S.C. § 1446(b), "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of

---

[1] Plaintiff asserts that the time for filing a responsive pleading began to run on April 23, 2008, the date that the Defendant was served at the Missouri Department of Insurance. Defendant maintains that the 30-day deadline did not begin to run until April 30, 2008, the date it received actual notice. Because the Defendant was out of time under both scenarios, the undersigned need not address this issue. However, the undersigned will note that even using the later date of April 30, 2008, Defendant's response and/or Notice of Removal was due on or before May 30, not June 2, 2008.

2

the initial pleading . . ." At the very latest, the Notice of Removal based on diversity jurisdiction was due by May 30, 2008, thirty days after receipt of the summons and Petition. However, Defendant filed said notice seven (7) days out of time, on June 6, 2008. A defendant waives the right to assert diversity jurisdiction by failing to file within the time limitations of 28 U.S.C. § 1446(b). <u>Lindsey v. Dillard's, Inc.</u>, 306 F.3d 596, 600 (8th Cir. 2002); <u>McHugh v. Physicians Health Plan of Greater St. Louis</u>, 953 F. Supp. 296, 299 (E.D. Mo. 1997) (citations omitted). "A defendant is generally barred from asserting any ground for removal not attempted within this thirty day period." <u>Vinson Mort. Servs., Inc. v. Precision 1 Marketing, Inc.</u>, No. 4:08-CV-884 CAS, 2008 WL 2817137 at *2 (E.D. Mo. July 21, 2008) (citation omitted).

Because Defendant did not file its Notice of Removal within the thirty-day time limit set forth in 28 U.S.C. § 1446(b), this Court does not have subject matter jurisdiction. <u>Id.</u> Therefore, the Plaintiff's Motion for Remand should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand [Doc. #7] is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter be **REMANDED** to the Circuit Court of St. Louis City, Missouri, from which it was removed, for lack of subject matter jurisdiction.

**IT IS FINALLY ORDERED** that Defendant's Motion for Extension of Time to File Responsive Pleading [Doc. #5] is **DENIED** as **MOOT.**

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  15th  day of September, 2008.